UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISON

_____

|  |  |  |
|---|---|---|
| In re: | ) ) ) ) | |
| STEPHEN J. MORGAN<br>Debtor | ) ) ) ) ) ) | Chapter 7<br>Case No. 10-40497 JNF |
| STEPHEN J. MORGAN<br>Plaintiff, | ) ) ) ) ) | |
| vs. | ) ) ) ) | Amended Adversary<br><br>Proceeding No. 11-04033 |
| ANNE J. WHITE, &<br>KAREN E.V. CONNELL<br>Defendants | ) ) ) ) ) ) | |

_____)

## COMPLAINT TO COMPEL TURNOVER OF EXEMPT PROPERTY FROM DEFENDANTS

Plaintiff Stephen J. Morgan (the "Debtor") brings the instant Complaint to Compel Turnover of Exempt Property from Defendant, Chapter 7 Trustee Anne J. White (the "Trustee") pursuant to the provisions of the United States Bankruptcy Code, 11 U.S.C. § 522 et seq (the "Bankruptcy Code").

Further to compel the turnover of any Exempt Property which Defendant Karen E.V. Connell, a creditor in this case removed from Debtors marital home at Wyndemere Drive in violation of 11 U.S.C. 362 or otherwise subsequently took possession of any interest in the real property at 2 Howe's Court.

### Jurisdiction and Venue

1.      This is an adversary proceeding pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure and Sections 522 and 542(a) of the Bankruptcy Code, to recover exempt property and any other property without value to administer from the Defendants.

1

2.      This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334.

3.      This adversary proceeding constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(E). See also Fed. R. Bankr. P. 7008(a).

4.      This District is the proper venue for this proceeding pursuant to 28 U.S.C. § 1409.

5.      That under the particular facts and circumstances and applicable law the plaintiff is entitled to possession of the above-described property of the estate for "use" as contemplated in 11 U.S.C. § 363.

Parties

6.      Plaintiff, Stephen J. Morgan, is the Debtor in the above-named Chapter 7 Bankruptcy Proceeding.

7.      Defendant, Anne J. White, is the Trustee in the above-named Chapter 7 Bankruptcy Proceeding.  It is believe she is responsible for some of the property in question and is at least holding some proceeds of $9,500 obtain from improper administration of the personal and real property at issue in this Chapter 7 bankruptcy proceeding.

8.      Defendant, Karen E.V. Connell, is ex-wife of the Debtor, a listed creditor in this case, and believed to have taken possession of Exempt property in violation of 11 U.S.C. 362 or at later point.  Further to have violated Massachusetts Supplemental Probate Court Rule 411: Automatic Restraining Order.

Background

9.      On February 10, 2010, (the "Petition Date") the Plaintiff filed his voluntary petition for relief under Chapter 7 of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Massachusetts (Central Division) (the "Bankruptcy Court").

10.      An estate (the "Estate") was created as of the Petition Date and Defendant; Anne J. White was appointed Trustee ("Bankruptcy Trustee") of the Debtor's Estate.

11.      Based on the petition filed it is Plaintiff's belief all property listed in the petition had no value to the estate or was exempt from the reach of the trustee by operation of law.

12.      Prior to the Petition Date on November 29, 2006, the Plaintiff and Karen Connell (f/n/a Morgan) initiated divorce proceedings in the Massachusetts Trial Court, Probate and Family Court Department, Worcester Division (the "Probate Court").  CASE #06D-2900-DV1.

13.     The Initiation of the divorce proceedings caused a restraining order per Massachusetts Supplemental Probate Court Rule 411 ("rule 411") to be issued by the Massachusetts Probate and Family Court against both Morgan and Connell.  This order resulted in constructive trust relationships between Morgan and Connell with regard property they held.

14.     After this court first closed the bankruptcy case on 7/30/2010 a trial on the divorce assets division commenced and proceeded for two days before it was learned that this court reopened the case.  The divorce case has yet to be concluded.

15.     At this trial Morgan expected that the probate court would award him his exempt property, a potential QUADRO of retirement assets, his home with no equity subject to mortgage to Wells Fargo, and any alimony / support order ("Domestic Support Order" (DSO)) the court determined.  _Nothing more_.

16.     It was this court, not Morgan that caused the stated administrative error leading to reopening of the case and further events.  Morgan should not be impacted unfairly by the court's errors made outside of his control.

17.     With this case reopened and the trial on hold, Connell, who is also listed as a creditor in the petition, approached the trustee with offer of money to settle a purported claim and effectively purchase Morgan's exempt property and interests.

18.     This was done in apparent violation of the Massachusetts Probate and Family Court Stay under Rule 411.  The trustee who held nothing of actual value received $9,500 from Connell, a discharged creditor, who violated Rule 411. This was an attempt to take Morgan's exempt property for her exclusive benefit. This was a violation of trust on the part of the Trustee.

19.     On October 19, 2010, the Defendant filed a Motion to Compromise with this Honorable Court to address claims that Plaintiff and Karen Connell asserted against each other's assets.  Morgan made no claims in the divorce action beyond his exemptions.

20.     One of the material terms of the proposed compromise included a provision that Trustee would execute a Trustee's Quitclaim Deed conveying all right, title and interest of the estate to Karen Connell in Debtor's Home the real estate (the "real estate property") located at 2 Howe's Court, Southborough, Massachusetts, recorded at the Worcester County Registry of Deeds at Book 33261, Page 221.

21.     Another material term was apparently that personal property located at the Wyndemere property at the time the petition was filed; including a piano listed by the debtor as exempt on schedule C was included.

22.     Another material term was a retirement account potentially subject to QUADRO in the divorce proceedings and held by Connell was included.

23.     On November 24, 2010 Plaintiff filed timely objections to the proposed compromise. Plaintiff argued that the real estate property mentioned in

the material terms of the proposed compromise was his main residence and exempt property from the bankruptcy estate.   He further argued the personal property was exempt.  Those deadlines were long past and the case had been previously closed.

24.    On January 18, 2011 this Honorable Court overruled the Plaintiff's objections and granted the Trustee's Motion pursuant to Rule 9019.8.

25.    On February 12, 2011 Plaintiff filed a Motion to Amend his Bankruptcy Voluntary Petition where he further justified and clarified his petition by listing additional basis for the real estate located at 2 Howe's Court, Southborough, Massachusetts to be Exempt property.  This motion is to be re-filed using standard Forms.

26.    On February 24, 2011 Plaintiff filed a timely appeal of the 1/18/2011 settlement order.

27.    On March 10, 2011, Plaintiff re-filed his Motion to Amend his Bankruptcy Voluntary Petition using standard forms. On March 11, 2011 the Court allowed the Motion.

28.    On March 17, 2011 Plaintiff commenced adversary proceedings to compel Defendant to turn over exempt property and to seek further damages.

CLAIMS FOR RELIEF

29.    The following causes of action are asserted against the Defendants herein:

COUNT I:    RECOVERY OF PROPERTY

30.    The Plaintiff restates and incorporates herein by reference the allegations contained in paragraphs 1 through 28 above.

31.    The Plaintiff listed personal property including a piano as exempt property pursuant to Section 522 (b) of the Bankruptcy Code.

32.    The trustee filed no timely objection to the listing of the exemption.

33.    The Plaintiff listed the real estate property as exempt property pursuant to Section 522 (b) of the Bankruptcy Code.  Further the Plaintiff believes the property held under MA law as Joint tenants of the entirety did not become an asset for the trustee to administer.

34.    Likewise the retirement assets included do not become property of the estate.  See 279 B.R. 880, Ostrander v. Lalchjandani, 2002

35.    The Plaintiff was not required to deliver to the Trustee the real estate property because the property was inconsequential in value and offered no benefit to the estate pursuant to Section 542 (a) of the Bankruptcy Code.

36.    The real estate property was not part of the bankruptcy estate to administer.

37.   The Exempt personal property was not available for the trustee to administer or bargain with.

38.   If property can no longer be recovered or has been destroyed that any proceeds or damages based on said property be recovered.

39.   That under the particular facts and circumstances and applicable law the Plaintiff is entitled to possession of the above-described property of the estate for "use" as contemplated in 11 U.S.C. § 363.

COUNT II:   VIOLATION OF 11 U.S.C. 362 AND MA SUPP. PROBATE COURT RULE 411:  AUTOMATIC RESTRAINING ORDER.

40.   The Plaintiff restates and incorporates herein by reference the allegations contained in paragraphs 1 through 39 above.

41.   Plaintiff seeks recovery from defendant Connell costs and sanction for violation of 11 U.S.C. 362 and Massachusetts Supplemental Probate Court Rule 411.

42.   Actual, statutory, and punitive damages for violation of trust / fiduciary including claims for bad faith behavior of Defendant.

COUNT III:   RECOVERY OF LEGAL FEES AND EXPENSES

43.   The Plaintiff restates and incorporates herein by reference the allegations contained in paragraphs 1 through 42 above.

44.   Given the circumstances and conduct of the Defendants Plaintiff requests recovery from defendants of his actual costs in all forums which result from conduct by the defendants which has denied Morgan the property or proceeds of property for which he is entitled.

45.   Actual, statutory, and punitive damages for violation of trust / fiduciary including claims for bad faith behavior of Defendants.

WHEREFORE, Plaintiff respectfully prays for an expedited hearing and order directing turnover of the above described property of the estate from the Defendants.

Dated: March 25, 2011                          Respectfully Submitted,

                                               /s/ Stephen J. Morgan
                                               Stephen J. Morgan
                                               P.O. Box 586
                                               Southborough, MA 01772
                                               Steve@theGreatHill.com
                                               Tel: 508-930-4096
                                               Fax: 508-630-1253

By His Special Counsel,

Gazion Kotoni
/s/ Gazion Kotoni
BBO# 676327
10 Bridge Street, Suite 203
Lowell, MA 01852
(857) 498 − 1809

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the Complaint to Compel Turnover of Exempt Property from Defendant was served via first class mail and/or ECF on the parties listed.

Dated: March 25, 2011                    /s/ Gazion Kotoni
                                          Gazion Kotoni


Richard King
USTPRegion01.WO.ECF@USDOJ.GOV

Janice G. Marsh
janicemarsh1@gmail.com; jmarsh@ecf.epicsystems.com

Janice G. Marsh On Behalf of Interested Party Janice G. Marsh
jgm@townisp.com; jmarsh@ecf.epicsystems.com

Alex F. Mattera on behalf of Trustee Anne White
amattera@jdemeo.com

Paul J. Mulligan on behalf of Creditor American Eagle Federal Credit Union
bankruptcy@orlansmoran.com

Stephan M. Rodolakis on behalf of Creditor's People United Bank d/b/a Flagship Bank
srodolakis@ftwlaw.com; mfoss@ftwlaw.com; ftwbankruptcy@ftwlaw.com

Anne J. White
awhitetrustee@jdemeo.com; MA23@ecfcbis.com

Stephen J. Morgan
P.O. Box 586
Southborough, MA 01772

Karen E.V. Connell
15 Main Street
Southborough, MA  01772